UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Roland Moreno f/k/a Ruben Jason Moreno
                Plaintiff(s),

   -against -

**Docket #:19-CV-7098**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

U.S. BANK, N.A., NOT INDIVIDUALLY
BUT SOLELY AS TRUSTEE FOR BLUEWATER
INVESTMENT TRUST 2017-1; FRIEDMAN
VARTOLO LLP; SELENE FINANCE LP

                Defendant(s).
-----------------------------------------------------------------X

Plaintiff, RONALD MORENO a/k/a RUBEN JASON MORENO, by way of his complaint alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 ("FDCPA"), and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction is premised on 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is premised on 28 U.S.C. § 1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

## **PARTIES**

3. Plaintiff is a natural person who resides in Bronx County, State of New York.

4. Plaintiff is a consumer as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. Upon information and belief, U.S. BANK N.A., NOT INDIVIDUALLY BUT AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2017-1 (hereinafter "U.S. Bank") was and is a national bank that conducted business within the State of New York.

6. Upon information and belief, FRIEDMAN VARTOLO LLP (hereinafter "Friedman Vartolo"), is a law firm with its primary place of business located at 85 Broad Street, Suite 501, New York, New York 10004.

7. Upon information and belief, SELENCE FINANCE LP is a foreign limited parnership, with its principal executive office at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042.

8. Plaintiff alleges, upon information and belief, that Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and that the principal purpose of each Defendant's business is debt collection, i.e. that more than half of Defendants' respective revenues derive from debt collection.

9. Upon information and belief, each Defendant is a "debt collector" under 15 U.S.C. 1692(a) because Defendants' regularly use the mail, telephone, and /or other instrumentality or interstate commerce to attempt to collect, directly or indirectly, defaulted consume debt that it did not originate.

10. Upon information and belief, Defendants U.S. Bank and Selene Finance are "debt collectors" under 15 U.S.C. 1692 because on information and belief they acquired Plaintiff's debt after it allegedly went into default.

11. Upon information and belief, Selene Finance and U.S. Bank control Friedman Vartolo's collection activities, such that there exists principal-agent relationship between (a) Selene Finance and Friedman Vartolo and (b) U.S. Bank and Friedman Vartolo respectively.

12. Upon information and belief, Selene Finance controls U.S. Bank's collection activities such that there exists principal-agent relationship between Selene Finance and U.S. Bank.

13. Upon information and belief, U.S. Bank controls Selene Finance's collection activities such that there exists a principal-agent relationship between U.S. Bank and Selene Finance.

**STATEMENT OF FACTS**

14. On or about February 28, 2006, MERS as Nominee for MortgageIt, Inc., allegedly entered into a mortgage agreement (hereinafter "Subject Mortgage") with borrower Ronald Moreno (hereinafter "Plaintiff") in the principal amount of $288,000.00 presumably to purchase or improve the property located at 2131 Cross Bronx Expressway, Bronx, New York 10460, Block 381, Lot: 62 (hereinafter "Subject Premises").

15. The alleged mortgage agreement is a debt as defined by 15 U.S.C. § 1692(a)(5).

16. Through a series of assignments, the mortgage was assigned to BAC Home Loans Servicing, LP on or about August 11, 2009.

17. On or about September 23, 2009, BAC Home Loans Servicing LP commenced a foreclosure action wherein they declared a default as against mortgagee, Ronald Moreno, and accelerated the mortgage payments to make all amounts due (hereinafter "the 2009 Foreclosure Action").

18. On October 22, 2015 the 2009 Foreclosure Action brought by BAC Home Loans Servicing, LP was dismissed.

19. The mortgage continued to be assigned, and on or about February 6, 2018 the mortgage was assigned to Defendant U.S. Bank, N.A. not individually but solely as Trustee for Bluewater Investment Trust 2017-1.

20. On or about June 27, 2019, more than four years after the expiration of the six-year statute of limitations, Defendant Friedman Vartolo filed a foreclosure action on behalf of Defendant U.S. Bank against Plaintiff Ronald Moreno.

21. On or about December 5, 2018, nearly three years after the 2009 foreclosure action was dismissed and more than three years after the expiration of the six-year statute of limitations, Defendant Selene Finance sent a letter to Plaintiff falsely stating in big block letters "NOTICE OF DEFAULT AND INTENT TO ACCLERATE".

22. The letter further falsely stated: "The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 9/23/2009 and all subsequent payments. To cure this default you must pay all amounts due under the terms of your Note and Security Instrument. As of 12/05/2018, your loan is due for 9/23/2009 and the total amount necessary to cure your default is $265,715.16, which consists of the following:

| Next Payment Due Date | 9/23/2009 |
| --- | --- |
| Total Monthly Payments Due: | $261,159.57 |
| Late Charges: | $0.13 |
| Uncollected NSF Fees: | $0.00 |
| Other Fees: | $0.00 |

| | |
|---|---|
| Corporate Advance Balance: | $4,556.66 |
| Unapplied Balance: | $0.00 |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | $265,715.16 |

23. The letter further falsely states: "As of 12/05/2018, the current outstanding principal balance is $275,758.10 and the total debt you owe is $491,991.86.

24. On December 5, 2018 Plaintiff received another letter from Defendant Selene Finance which stated in big block letters: "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY."

25. On or about June 27, 2019, four years after the 2009 foreclosure action was dismissed, and over four years after the expiration of the six-year statute of limitations, Defendant U.S. Bank, through their attorney Friedman Vartolo LLP, sent Plaintiff a summons and complaint instituting a new foreclosure action (hereinafter "summons and complaint").

26. The letter attached to the summons and complaint falsely stated in big block letters: "NOTICE: YOU ARE IN DANGER OF LOSING YOUR HOME".

27. The letter attached to the summons and complaint further falsely stated: "if you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgement may be entered against you and you can lose your home."

**FIRST CAUSE OF ACTION**
(Violation of Fair Debt Collection Practices Act)

28. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 27 as if fully set forth herein.

29. Letters akin to those sent by Defendants are to be evaluated under the "unsophisticated consumer" standard.

30. Defendants Friedman Vartolo, and Selene Finance violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692(e) by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff.

    b. 15 U.S.C. § 1692(e), by misrepresenting the character, amount, or legal status of the asserted debt.

31. As a result of Defendants' false and misleading statements wrongfully claiming that the Plaintiff was in danger of losing his home, even after the 2009 foreclosure action was dismissed, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

32. As a result of Defendant Selene Finance's December 5, 2018 letters, which were barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

33. As a result of the foreclosure action from June 27, 2019 brought by Defendant Friedman Vartolo on behalf of Defendant U.S. Bank, which is barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

34. By instituting the foreclosure action on June 27, 2019, Defendant's U.S. Bank and Friedman Vartolo are taking an action that is prohibited by 15 U.S.C. § 1692(e).

35. As a result of each Defendant's material misrepresentations concerning the legal status and enforceability of the alleged debt, Plaintiff reasonably believed that Defendants'

would attempt to again improperly foreclose on his property and that he ran the risk of losing his property.

36. Defendant Selene Finance further violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692g, by failing to include in their notice, which upon information and belief was a first notice, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and

   b. 15 U.S.C. §1692g, by failing to include in their notice, which upon information and belief was a first notice, a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   c. 15 U.S.C. §1692g, by failing to include in their notice a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Specifically, Defendant's letters from December 5, 2018 fail to identify the Plaintiff's current creditor.

38. Defendant's letters fail to make any mention or identify in any fashion, either the current creditor or the original creditor.

39. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such information clearly. Mere allusions to the

creditor's identity are insufficient. The Letter must specifically and clearly identify the creditor of the collection account.

40. Defendant is therefore liable to Plaintiff for actual, statutory, and as well as reasonable costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
(Violation of the General Business Law against Selene Finance)

41. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 40 as if fully set forth herein.

42. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

43. Defendant Selene Finance is a mortgage services, thus Selene Finance engages in consumer oriented activity.

44. Defendant Selene Finance engaged in deceptive conduct in the collection of debts.

45. This deceptive conduct included sending notices which intentionally misrepresented the legal status of the debt and falsely claiming that Plaintiff was in danger of losing his home when the foreclosure action from 2015 had been dismissed, and the new foreclosure action that commenced on June 27, 2019 was brought more than four years after the six-year statute of limitations.

46. This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

47. Plaintiff is entitled to damages and attorney's fees as a result of Defendant's violation of General Business Law § 349.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Court to:

a. Award actual damages in an amount to be determined at trial;

b. Award statutory damages as set forth above;

c. Award reasonable attorney's fees, costs, and disbursements; and

d. Award such other and further relief as this Court may deem just and proper

Date: July 29, 2019
Kew Gardens, New York

                                                    Yours etc.,

                    SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, BOWMAN LLP

                    Alexander Kadochnikov
                    Attorneys for Plaintiff
                    80-02 Kew Gardens Rd., Ste. 600
                    Kew Gardens, NY 11415
                    718-332-9600
                Counsel for Plaintiff RONALD MORENO