# Knuckles Komosinski & Manfro LLP

50 Tice Boulevard, Suite 183 | Woodcliff Lake, New Jersey 07677
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

**Partners**
Mark R. Knuckles
Richard F. Komosinski
Jordan J. Manfro

**John E. Brigandi**
*Senior Associate*
(201) 391-0370, ext. 311
jeb@kkmllp.com

August 13, 2019

<u>Via ECF</u>
Hon. John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Moreno v. U.S. Bank, et al.
           Case No.:  19-cv-7098____

Dear Judge Koeltl,

    This office represents defendants U.S. Bank, N.A., not individually but solely as trustee for Bluewater Investment Trust 2017-1 ("U.S. Bank") and Selene Finance, LP ("Selene") (collectively, "Defendants") in the above-referenced matter.  Kindly accept this letter as Defendants' pre-motion letter seeking leave to file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

## Plaintiff's Claims

    Plaintiff's is asserting claims under the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law ("GBL") §349. As explained more fully below, the crux of Plaintiff's claims is that Defendants unlawfully attempted to collect and foreclose upon a time-barred mortgage loan secured against the property located at 2131 Cross Bronx Expressway, Bronx, New York 10460 (the "Property").

## Factual Background

    On February 28, 2006, Plaintiff Roland Moreno ("Plaintiff" or "Moreno") executed a promissory note and mortgage in the amount of $288,000.00 secured against the Property.  U.S. Bank's predecessor commenced a foreclosure action against Moreno on or about September 23, 2009 (hereinafter, the "2009 Foreclosure Action").  On October 22, 2015, an order was entered in the 2009 Foreclosure Action dismissing the case as abandoned for failure to file a motion for default judgment within one year after the entry of default as required by CPLR §3215(c). However, a notice of entry was not filed with the Court until June 14, 2019. An appeal was subsequently filed by U.S. Bank on July 11, 2019, seeking to overturn the dismissal.  Moreno recently filed a motion with the appellate division seeking to dismiss the pending appeal.

    On June 24, 2019, Moreno filed an action against U.S. Bank in the Supreme Court of New York, Bronx County, pursuant to New York Real Property Law Article 15 seeking to quiet title to the property on the basis that the statute of limitations had expired on the mortgage loan.

Specifically, Plaintiff contends that the 2009 Foreclosure Action accelerated the debt, and because that action was dismissed in 2015 the statute of limitations expired on September 23, 2015, rendering the mortgage loan unenforceable.  U.S. Bank has filed a motion to dismiss in the Article 15 Action, which is opposed and returnable on August 30, 2019.

On June 27, 2019, U.S. Bank filed a foreclosure action in the Supreme Court of New York, Bronx County (the "2019 Foreclosure Action"). Moreno filed a motion to dismiss the 2019 Foreclosure Action on or about July 31, 2019, alleging the Note and Mortgage are unenforceable as time-barred. That motion is opposed and is returnable on August 16, 2019.

### The Instant Action Should Be Dismissed under both the *Colorado River* and *Younger* Abstention Doctrines

The instant action is improper as a matter of law pursuant to both the *Colorado River* and *Younger* abstention doctrines, which implicate the "longstanding public policy against federal court interference with state court proceedings."  Younger v. Harris, 401 U.S. 37, 43 (1971).  The application of both doctrines permit federal courts to abstain from deciding an action by dismissing a federal action when there are ongoing and parallel state court proceedings.  See Colorado River Water Conversation Dist. v. U.S., 424 U.S. 800, 817 (1976) ("in situations involving the contemporaneous exercise of concurrent jurisdiction," a federal court may abstain from exercising jurisdiction if parallel state court litigation might result in "comprehensive disposition of litigation" and abstention "would conserve judicial resources"); First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989) (holding that where duplicative or competing lawsuits have been filed, the first suit should have priority over the second).

Such is the case here as Plaintiff is alleging Defendants attempted to collect a time-barred debt in connection with the 2019 Foreclosure Action commenced against her in State Court.  This statute of limitations issue is already being resolved via motion practice in both the 2019 Foreclosure Action and the Article 15 Action, both of which have dispositive motions pending on this exact issue.  Additionally, the issue is being presented to the Appellate Division in connection with the 2009 Foreclosure Action, as U.S. Bank has filed an appeal of the dismissal of that proceeding, and Moreno has a pending motion to dismiss that appeal.  Therefore, the issues in the instant action are inextricably intertwined with the state court proceedings, and have the potential to directly challenge a state court decision once the motions are decided.

The history of the within proceedings is nearly identical to that in Sitgraves v. Fed. Home Loan Mortg. Corp., 265 F.Supp.3d 411 (S.D.N.Y. 2017).  In Sitgraves, defendant had filed a foreclosure action against plaintiff in 2010, which was disposed in 2013. Id. at 412.  Plaintiff filed her Federal Action on March 24, 2017.  Id.  Prior to service of the Federal Complaint, defendant filed a second foreclosure action against plaintiff in 2017, to which plaintiff filed an answer with counterclaims contending the debt was time-barred.  Id.  Plaintiff's counterclaims in the second foreclosure action asserted the same claims asserted in the Federal Action. Id. at 412-13. Defendant filed a motion to dismiss the Federal Action relying upon the *Colorado River* abstention doctrine.  In granting the motion, the Court first determined that the proceedings were parallel as the "issues are the same in both actions – whether [defendant] may enforce the subject note and mortgage," therefore there is a substantial likelihood the state action would dispose the claims raised in the Federal action.  Id. at 413.  The Court weighed the additional factors under Colorado River and dismissed the Complaint finding the state court had jurisdiction over the

property at issue since it was located in New York, that the state court is "thoroughly familiar with real estate foreclosures," and that plaintiff's claims were also raised as defenses in the foreclosure action. Id. at 413-15.

The same result should be reached here as the facts are virtually identical, except here Plaintiff filed the instant action after the Second Foreclosure Action had been filed and after filing his own Article 15 Action, weighing the fourth factor in favor of dismissal. Colorado River, 424 U.S. at 818-19 (providing the fourth factor as "the order in which the concurrent forums obtained jurisdiction").

### **Plaintiff Fails to State a Claim Against Defendants**

Notwithstanding, Plaintiff's FDCPA claim against U.S. Bank fails as it is not a debt collector. Therefore, it is not regulated under the FDCPA, and no liability may be asserted against it accordingly. See 15 U.S.C. §1692(a) (defining debt collector as any person collecting debts "owed or due another").

Plaintiff's GBL §349 claim is equally deficient for failure to allege that the act giving rise to liability was "consumer-oriented." New York State law prohibits "deceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service" within New York. GBL §349. To meet his burden, Plaintiff must allege (1) a deceptive consumer oriented act or practice which is "misleading in a material respect, and (2) injury resulting from the act." Fleisher v. Phoenix Life Ins. Co., 858 F.Supp. 2d 290, 304 (S.D.N.Y. 2012) (quoting Exxhonmobil Inter-America, Inc. v. Adv. Info. Eng'g Servs., Inc., 328 F.Supp. 2d 443, 447 (S.D.N.Y. 2004)). A successful claim for a consumer-oriented deception turns on whether Plaintiff can allege that the disputed acts or practices "have a broader impact on consumers at large." Silvester v. Selene Fin. LP, 2019 US Dist. LEXIS 47927 (S.D.N.Y. Mar 21, 2019). The New York Court of Appeals has specifically held that private contract disputes, unique to the parties, does not fall within the statute's ambit. Oswego laborers' Local 214 Pension Fund v. Marine Midland Bank, 86 N.Y. 2d 20 (1995). Plaintiff does not even attempt to allege that the claims herein have a broader impact on consumers at large. Indeed, his Complaint is devoid of any reference to consumers at large, and appears to be nothing more than Plaintiff alleging that Defendants filed the 2019 Foreclosure Action against him when it knew the debt was not legally collectible.

For these reasons, Defendants request leave to file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Alternatively, Defendants request Your Honor schedule a pre-motion conference.

Respectfully Submitted,

 /s/ John E. Brigandi
John E. Brigandi, Esq.