# EXHIBIT A

KNUCKLES, KOMOSINSKI & MANFRO, LLP
Michel Lee, Esquire (Attorney ID 024422010)
*Attorneys for Plaintiff*
50 Tice Boulevard, Suite 183
Woodcliff Lake, NJ 07677
Telephone 201-391-0370
Facsimile 201-781-6744
ml@kkmllp.com

| | |
|---|---|
| NJCC FUND #5 TRUST,<br><br>                     Plaintiff,<br><br>vs.<br><br>CIPRIAN MILLAN, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS/HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST, et al.<br><br>                     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. F-009192-13<br><br>CIVIL ACTION<br><br>**NOTICE OF MOTION FOR FINAL JUDGMENT** |

TO:   Ciprian Millan, His Heirs, Devisees and Personal Representatives, and his/her, Their or any of their successors in right, title and interest
2545 Union Avenue
Pennsauken (Merchantville), NJ 08109

Carmen Millan A/K/A Carmen Quinones
2545 Union Avenue
Pennsauken (Merchantville), NJ 08109

Danys Quinones – no mailing made pursuant to Rule 1:5-1(a) as the defendant was served by Publication

State of New Jersey
c/o Attorney General
25 Market Street CN-080
Trenton, NJ 08625

Irma Quinones
3428 Howard Avenue
Pennsauken, NJ 08109

Letticia Quinones– no mailing made pursuant to R 1:5-1( a) as the defendant was served by Publication

Dilayla Quinones
2545 Union Avenue
Pennsauken (Merchantville), NJ 08109

William Quinones– no mailing made pursuant to R 1:5-1( a) as the defendant was served by Publication

Camden CO BD Social Servs
600 Market Street
Camden, NJ 08102

Credit Acceptance
c/o Princeton South Corporation Center
100 Charles Ewing Blvd. Ste. 160
Ewing, NJ 08628

United States of America
c/o Attorney General of the United States
Department of Justice, Civil Division
Judgment Enforcement Unit
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

United States of America
c/o United States Attorney
970 Broad Street
Newark, NJ 07102

Our Lady of Lourdes Medical Center
600 Haddon Avenue
Camden, NJ 08103

Alba M. Negron– no mailing made pursuant to R 1:5-1( a) as the defendant was served by Publication

Virtua West Jersey Health System
303 Lippincott Drive, Ste. 400
Marlton, NJ 08053

Union CO BD Social Servs
1 Elizabethtown Plz
Elizabeth, NJ 07202


PLEASE TAKE NOTICE that as soon as counsel can be heard, we shall apply before the

Office of Foreclosure, Superior Court of New Jersey, Chancery Division, at the Hughes Justice

Complex, P.O. Box 971, 25 Market Street, Trenton, New Jersey 08625, for the entry of judgment

in this action and shall file the proof required by law, which proof will establish that there is due

upon the Plaintiff's mortgage on 2545 UNION AVENUE, PENNSAUKEN, NJ 08109, the amount as set forth on the Certification of Proof of Amount Due annexed hereto, plus attorney's fees and costs to be taxed.

**TO: CIPRIAN MILLAN, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS/HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST** – THIS MOTION is served upon you in that you are a Borrower in this action.

**TO: CARMEN MILLAN A/K/A CARMEN QUINONES** – THIS MOTION is served upon you in that you are the mortgagor in this action.

**TO: DANYS QUINONES** – THIS MOTION is served upon you in that you are an heir of Ciprian Millan in this action.

**TO: STATE OF NEW JERSEY**– THIS MOTION is served upon you in that you are a judgment creditor and were also joined to this action by virtue of your interest in any unpaid Transfer, Inheritance or Estate Taxes, which may be due in connection with the Estate of Ciprian Millan.

**TO: IRMA QUINONES** – THIS MOTION is served upon you in that you are an heir of Ciprian Millan in this action.

**TO: LETTICIA QUINONES** – THIS MOTION is served upon you in that you are an heir of Ciprian Millan in this action.

**TO: DILAYLA QUINONES**– THIS MOTION is served upon you in that you are an heir of Ciprian Millan in this action.

**TO:WILLIAM QUINONES** – THIS MOTION is served upon you in that you are an heir of Ciprian Millan in this action.

**TO: CAMDEN CO BD SOCIAL SERVS** – THIS MOTION is served upon you in that you are a judgment creditor in this action.

**TO: CREDIT ACCEPTANCE** – THIS MOTION is served upon you in that you are a judgment creditor in this action.

**TO: UNITED STATES OF AMERICA** – THIS MOTION is served upon you in that you were joined to this action by virtue of your interest in any unpaid Federal, Estate and Gift Inheritance Taxes which may be due in connection with the Estate of Ciprian Millan.

**TO: OUR LADY OF LOURDES MEDICAL CENTER** – THIS MOTION is served upon you in that you are a judgment creditor in this action.

**TO: ALBA M. NEGRON** – THIS MOTION is served upon you in that you are a judgment creditor in this action.

**TO: VIRTUA WEST JERSEY HEALTH SYSTEM** – THIS MOTION is served upon you in that you are a judgment creditor in this action.

**TO: UNION CO BD SOCIAL SERVS** – THIS MOTION is served upon you in that you are a judgment creditor in this action.


IF YOU WANT TO OBJECT TO THE CALCULATION OF AMOUNT DUE, YOU MUST DO SO IN WRITING WITHIN 10 DAYS AFTER THE DAY YOU RECEIVED THIS MOTION. ANY OBJECTION TO THE CALCULATION OF THE AMOUNT DUE MUST ADDRESS AND DETAIL WITH SPECIFICITY THE BASIS OF THE OBJECTION TO THE AMOUNT DUE. YOU MUST FILE YOUR OBJECTION WITH THE OFFICE OF FORECLOSURE, P.O. BOX 971, 25 MARKET STREET, TRENTON, NEW JERSEY 08625, AND SERVE A COPY ON THE MOVING PARTY. THE OFFICE OF FORECLOSURE DOES NOT CONDUCT HEARINGS. YOUR PERSONAL APPEARANCE AT THE OFFICE WILL NOT QUALIFY AS AN OBJECTION. IF YOU FILE A SPECIFIC OBJECTION TO THE CALCULATION OF THE AMOUNT DUE PURSUANT TO R.4:64-1(d)(1)(A), THE OFFICE OF FORECLOSURE SHALL REFER THE MATTER TO THE JUDGE IN THE

COUNTY OF VENUE, WHO SHALL SCHEDULE SUCH FURTHER PROCEEDINGS AND
NOTIFY THE PARTIES OR THEIR ATTORNEYS OF THE TIME AND PLACE THEREOF.

KNUCKLES, KOMOSINSKI & MANFRO, LLP
*Attorneys for Plaintiff*

Dated: OCT 1 8 2019

By: _____
MICHEL LEE, ESQUIRE

KNUCKLES, KOMOSINSKI & MANFRO, LLP
Michel Lee, Esq. – N.J. Attorney ID 024422010
Attorneys for Plaintiff
50 Tice Boulevard
Woodcliff Lake, NJ 07677
(201) 391-0370

---

NJCC FUND #5 TRUST

Plaintiff,

-vs-

CIPRIAN MILLAN, HIS HEIRS, DEVISEES AND
PERSONAL REPRESENTATIVES AND HIS/HER,
THEIR OR ANY OF THEIR SUCCESSORS IN
RIGHT, TITLE AND INTEREST, et al.

Defendants.

---

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
CAMDEN COUNTY
DOCKET NO. F-009192-13

CIVIL ACTION

**PROOF OF AMOUNT DUE
AFFIDAVIT AND SCHEDULE**

I, _____ Julia Lien _____, do hereby certify:

1. I, _____ Julia Lien _____, am employed by Selene Finance LP as Servicer for NJCC Fund #5 Trust, located at 9990 Richmond Avenue, Suite 400 S., Houston, TX 77042. My responsibilities include but are not limited to: Operations of loans in default, communication with foreclosure counsel, review and execution of affidavits and certifications.

2. I have thoroughly reviewed Selene Finance LP's books and business records concerning the note and mortgage described in the Plaintiff's complaint.

3. Said books and business records indicate that the default of the defendant-borrower(s), Ciprian Millan and Carmen Millan A/K/A Carmen Quinones, remains uncured and there is due to the Plaintiff in this action the sum of $238,026.65 as set forth in the Proof of Amount Due Schedule annexed hereto. I have reviewed all entries and calculations, and they are correct. *Per diem* interest, as set forth in the annexed scheduled, will accrue on the principal from October 16, 2019.

4. The property described in the complaint in this action cannot be divided and should be sold as a single tract.

5. There are no just debts, set-offs, credits or allowances due or to become due from the Plaintiff to the defendant-borrower, other than those set forth herein.

6. NJCC Fund #5 Trust is the owner of the aforesaid note and mortgage.

7.    I hereby certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated October 15, 2019

_____
Selene Finance LP as servicer for NJCC Fund #5 Trust

## MORTGAGE FORECLOSURE
## AMOUNT DUE SCHEDULE

NOTE AND MORTGAGE DATED: April 16, 2007
Recorded: April 26, 2007 in Camden County, in Mortgage Book 8537, Page 129
Property Address: 2545 Union Avenue, Pennsauken, New Jersey 08109
Mortgage Owner: NJCC Fund #5 Trust

### STATEMENT OF AMOUNT DUE:

| | |
|---|---|
| Unpaid Principal Balance as of October 16, 2019: | $162,305.78 |
| Interest from 11/01/15 to 10/16/19 @ 6.5000% | $39,866.79 |

Advances through October 16, 2019 for:

| | |
|---|---|
| City Taxes: | $22,684.45 |
| Hazard Insurance: | $7,833.13 |
| Property Inspection: | $271.50 |
| Property Registration: | $5,065.00 |
| *see below for breakdown | |

| | |
|---|---|
| Net Advances | $35,854.08 |

| | |
|---|---|
| TOTAL DUE AS OF October 16, 2019: | $238,026.65 |

**Surplus Money:** If after the sale and satisfaction of the mortgage debt, including costs and expenses, there remains any surplus money, the money will be deposited into the Superior Court Trust Fund and any person claiming the surplus, or any part thereof, may file a motion pursuant to Court Rules 4:64-3 and 4:57-2 stating the nature and extent of that person's claim and asking for an order directing payment of the surplus money. The Sheriff or other person conducting the sale will have information regarding the surplus, if any

City Taxes:

| | |
|---|---|
| 08/24/15 | $1,057.08 |
| 10/19/15 | $1,190.56 |
| 01/27/16 | $1,209.89 |
| 04/22/16 | $1,209.88 |
| 08/10/16 | $1,254.21 |
| 09/09/16 | $571.77 |
| 10/24/16 | $1,254.20 |
| 01/19/17 | $1,232.05 |
| 04/17/17 | $1,232.04 |
| 08/25/17 | $1,277.03 |
| 10/25/17 | $1,277.02 |
| 01/26/18 | $1,254.54 |
| 04/16/18 | $1,254.53 |

| | |
|---|---|
| 08/27/18 | $1,251.89 |
| 11/07/18 | $1,251.89 |
| 12/22/18 | $1,156.81 |
| 01/23/19 | $1,253.22 |
| 04/23/19 | $1,253.21 |
| 08/19/19 | $1,242.63 |

Hazard Insurance:

| | |
|---|---|
| 04/20/15 | $1,247.13 |
| 05/12/16 | $1,577.00 |
| 04/27/17 | $1,618.00 |
| 07/06/17 | $10.00 |
| 04/05/18 | $1,640.00 |
| 07/10/18 | $10.00 |
| 04/03/19 | $1,731.00 |

Property Inspections:

| | |
|---|---|
| 01/16/17 | $12.50 |
| 02/13/17 | $12.50 |
| 03/10/17 | $12.50 |
| 04/11/17 | $12.50 |
| 05/13/17 | $12.50 |
| 06/14/17 | $12.50 |
| 07/17/17 | $12.50 |
| 08/16/17 | $12.50 |
| 09/18/17 | $12.50 |
| 10/18/17 | $12.50 |
| 11/21/17 | $12.50 |
| 12/26/17 | $12.50 |
| 01/23/18 | $12.50 |
| 02/27/18 | $12.50 |
| 04/05/18 | $12.50 |
| 05/22/18 | $10.50 |
| 07/07/18 | $10.50 |
| 07/19/18 | $10.50 |
| 09/19/18 | $10.50 |
| 06/04/19 | $10.50 |
| 06/28/19 | $10.50 |
| 07/31/19 | $10.50 |
| 09/04/19 | $10.50 |

Property Preservation:

| | | |
|---|---|---|
| 05/19/18 | $1,500.00 | Property Registration |
| 11/14/18 | $1,500.00 | Property Registration |

05/16/19   $2,000.00   Property Registration

Dated October 15, 2019

Selene Finance LP as servicer for NJCC Fund #5 Trust

+

KNUCKLES, KOMOSINSKI & MANFRO, LLP
Michel Lee, Esquire (Attorney ID 024422010)
*Attorneys for Plaintiff*
50 Tice Boulevard, Suite 183
Woodcliff Lake, NJ 07677
Telephone 201-391-0370
Facsimile 201-781-6744
ml@kkmllp.com

| | |
|---|---|
| NJCC FUND #5 TRUST,<br><br>                              Plaintiff,<br><br>vs.<br><br>CIPRIAN MILLAN, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS/HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST, et al.<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. F-009192-13<br><br>CIVIL ACTION<br><br>**RULE 4:64-2(d) AFFIDAVIT OF DILIGENT INQUIRY AND ACCURACY OF FORECLOSURE DOCUMENTS AND FACTUAL ASSERTIONS** |

Michel Lee, Esq., of full age, does hereby certify:

1.     I am an attorney at law duly licensed to practice in the state of New Jersey and am affiliated with the law firm of Knuckles, Komosinski & Manfro, LLP, the attorneys of record for the plaintiff in the above-captioned residential mortgage foreclosure action, am responsible for this mortgage foreclosure action and am fully familiar with the pleadings and documents filed in this action and the facts set forth in this affidavit.

2.     On October 15, 2019, I communicated by email with the following named employee(s) of the plaintiff, who informed me that he/she personally reviewed the affidavit of amount due and the original or true copy of the note, mortgage and recorded assignments, if any, about to be submitted to the court; and that he/she confirmed the accuracy of these documents

Name of Plaintiff's Employee(s): Julia Lien

Title of Plaintiff's Employee(s):   Foreclosure Specialist III at Selene Finance LP, Servicer for NJCC Fund #5 Trust

Responsibilities of Plaintiff's Employee(s): Administration of loans in default, including review of loan documents, handling of the account while in foreclosure, communicating with foreclosure counsel, review and execution of affidavits and certifications.

3.     Based on my communication with the above-named employee(s) of plaintiff or the plaintiff's mortgage loan servicer, as well as my own inspection of the documents about to be filed with the court and other diligent inquiry, I execute this affidavit to comply with the requirements of Rule 4:64-2(d) and Rule 1:4-8(a).

4.     I am aware that I have a continuing obligation under Rule 1:4-8 to amend this affidavit if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertion proffered by the plaintiff in any court filings and documents in this case.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KNUCKLES, KOMOSINSKI & MANFRO, LLP
*Attorneys for Plaintiff*

OCT 1 8 2019

By: _____
      MICHEL LEE, ESQUIRE

Sworn to and Subscribed before me this
18th day of October , 20 19

_____
Notary Public

LUZ CELENIA MOJICA
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES
MARCH 25, 2021

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Roland Moreno f/k/a Ruben Jason Moreno
                            Plaintiff(s),
   -against -

U.S. BANK, N.A., NOT INDIVIDUALLY
BUT SOLELY AS TRUSTEE FOR BLUEWATER
INVESTMENT TRUST 2017-1; FRIEDMAN
VARTOLO LLP; SELENE FINANCE LP



                        Defendant(s).
------------------------------------------------------------------X

**Docket #:19-CV-7098**

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, RONALD MORENO a/k/a RUBEN JASON MORENO, by way of his complaint alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 ("FDCPA"), and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction is premised on 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is premised on 28 U.S.C. § 1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

## PARTIES

3. Plaintiff is a natural person who resides in Bronx County, State of New York.

4. Plaintiff is a consumer as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. Upon information and belief, U.S. BANK N.A., NOT INDIVIDUALLY BUT AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2017-1 (hereinafter "U.S. Bank") was and is a national bank that conducted business within the State of New York.

6. Upon information and belief, FRIEDMAN VARTOLO LLP (hereinafter "Friedman Vartolo"), is a law firm with its primary place of business located at 85 Broad Street, Suite 501, New York, New York 10004.

7. Upon information and belief, SELENCE FINANCE LP is a foreign limited parnership, with its principal executive office at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042.

8. Plaintiff alleges, upon information and belief, that Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and that the principal purpose of each Defendant's business is debt collection, i.e. that more than half of Defendants' respective revenues derive from debt collection.

9. Upon information and belief, each Defendant is a "debt collector" under 15 U.S.C. 1692(a) because Defendants' regularly use the mail, telephone, and /or other instrumentality or interstate commerce to attempt to collect, directly or indirectly, defaulted consume debt that it did not originate.

10. Upon information and belief, Defendants U.S. Bank and Selene Finance are "debt collectors" under 15 U.S.C. 1692 because on information and belief they acquired Plaintiff's debt after it allegedly went into default.

11. Upon information and belief, Selene Finance and U.S. Bank control Friedman Vartolo's collection activities, such that there exists principal-agent relationship between (a) Selene Finance and Friedman Vartolo and (b) U.S. Bank and Friedman Vartolo respectively.

12. Upon information and belief, Selene Finance controls U.S. Bank's collection activities such that there exists principal-agent relationship between Selene Finance and U.S. Bank.

13. Upon information and belief, U.S. Bank controls Selene Finance's collection activities such that there exists a principal-agent relationship between U.S. Bank and Selene Finance.

## STATEMENT OF FACTS

14. On or about February 28, 2006, MERS as Nominee for MortgageIt, Inc., allegedly entered into a mortgage agreement (hereinafter "Subject Mortgage") with borrower Ronald Moreno (hereinafter "Plaintiff") in the principal amount of $288,000.00 presumably to purchase or improve the property located at 2131 Cross Bronx Expressway, Bronx, New York 10460, Block 381, Lot: 62 (hereinafter "Subject Premises").

15. The alleged mortgage agreement is a debt as defined by 15 U.S.C. § 1692a(5).

16. Through a series of assignments, the mortgage was assigned to BAC Home Loans Servicing, LP on or about August 11, 2009.

17. On or about September 23, 2009, BAC Home Loans Servicing LP commenced a foreclosure action wherein they declared a default as against mortgagee, Ronald Moreno, and accelerated the mortgage payments to make all amounts due (hereinafter "the 2009 Foreclosure Action").

-3-

18. On October 22, 2015 the 2009 Foreclosure Action brought by BAC Home Loans Servicing, LP was dismissed.

19. The mortgage continued to be assigned, and on or about February 6, 2018 the mortgage was assigned to Defendant U.S. Bank, N.A. not individually but solely as Trustee for Bluewater Investment Trust 2017-1.

20. On or about June 27, 2019, more than four years after the expiration of the six-year statute of limitations, Defendant Friedman Vartolo filed a foreclosure action on behalf of Defendant U.S. Bank against Plaintiff Ronald Moreno.

21. On or about December 5, 2018, nearly three years after the 2009 foreclosure action was dismissed and more than three years after the expiration of the six-year statute of limitations, Defendant Selene Finance sent a letter to Plaintiff falsely stating in big block letters "NOTICE OF DEFAULT AND INTENT TO ACCLERATE".

22. The letter further falsely stated: "The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 9/23/2009 and all subsequent payments. To cure this default you must pay all amounts due under the terms of your Note and Security Instrument. As of 12/05/2018, your loan is due for 9/23/2009 and the total amount necessary to cure your default is $265,715.16, which consists of the following:

| Next Payment Due Date | 9/23/2009 |
| --- | --- |
| Total Monthly Payments Due: | $261,159.57 |
| Late Charges: | $0.13 |
| Uncollected NSF Fees: | $0.00 |
| Other Fees: | $0.00 |

| Corporate Advance Balance: | $4,556.66 |
|---|---|
| Unapplied Balance: | $0.00 |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | $265,715.16 |

23. The letter further falsely states: "As of 12/05/2018, the current outstanding principal

    balance is $275,758.10 and the total debt you owe is $491,991.86.

24. On December 5, 2018 Plaintiff received another letter from Defendant Selene Finance

    which stated in big block letters: "YOU MAY BE AT RISK OF FORECLOSURE.

    PLEASE READ THE FOLLOWING NOTICE CAREFULLY."

25. On or about June 27, 2019, four years after the 2009 foreclosure action was dismissed,

    and over four years after the expiration of the six-year statute of limitations, Defendant

    U.S. Bank, through their attorney Friedman Vartolo LLP, sent Plaintiff a summons and

    complaint instituting a new foreclosure action (hereinafter "summons and complaint").

26. The letter attached to the summons and complaint falsely stated in big block letters:

    "NOTICE: YOU ARE IN DANGER OF LOSING YOUR HOME".

27. The letter attached to the summons and complaint further falsely stated: "if you do not

    respond to this summons and complaint by serving a copy of the answer on the attorney

    for the mortgage company who filed this foreclosure proceeding against you and filing

    the answer with the court, a default judgement may be entered against you and you can

    lose your home."

### FIRST CAUSE OF ACTION
(Violation of Fair Debt Collection Practices Act)

28. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1

    through 27 as if fully set forth herein.

-5-

29. Letters akin to those sent by Defendants are to be evaluated under the "unsophisticated consumer" standard.

30. Defendants Friedman Vartolo, and Selene Finance violated the following provisions of the FDCPA:

    a.  15 U.S.C. § 1692(e) by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff.

    b.  15 U.S.C. § 1692(e), by misrepresenting the character, amount, or legal status of the asserted debt.

31. As a result of Defendants' false and misleading statements wrongfully claiming that the Plaintiff was in danger of losing his home, even after the 2009 foreclosure action was dismissed, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

32. As a result of Defendant Selene Finance's December 5, 2018 letters, which were barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

33. As a result of the foreclosure action from June 27, 2019 brought by Defendant Friedman Vartolo on behalf of Defendant U.S. Bank, which is barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

34. By instituting the foreclosure action on June 27, 2019, Defendant's U.S. Bank and Friedman Vartolo are taking an action that is prohibited by 15 U.S.C. § 1692(e).

35. As a result of each Defendant's material misrepresentations concerning the legal status and enforceability of the alleged debt, Plaintiff reasonably believed that Defendants'

would attempt to again improperly foreclose on his property and that he ran the risk of losing his property.

36. Defendant Selene Finance further violated the following provisions of the FDCPA:

    a.  15 U.S.C. §1692g, by failing to include in their notice, which upon information and belief was a first notice,  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and

    b.  15 U.S.C. §1692g, by failing to include in their notice, which upon information and belief was a first notice, a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    c.  15 U.S.C. §1692g, by failing to include in their notice  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Specifically, Defendant's letters from December 5, 2018 fail to identify the Plaintiff's current creditor.

38. Defendant's letters fail to make any mention or identify in any fashion, either the current creditor or the original creditor.

39. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such information clearly. Mere allusions to the

creditor's identity are insufficient. The Letter must specifically and clearly identify the creditor of the collection account.

40. Defendant is therefore liable to Plaintiff for actual, statutory, and as well as reasonable costs and attorneys' fees.

## SECOND CAUSE OF ACTION
(Violation of the General Business Law against Selene Finance)

41. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 40 as if fully set forth herein.

42. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

43. Defendant Selene Finance is a mortgage services, thus Selene Finance engages in consumer oriented activity.

44. Defendant Selene Finance engaged in deceptive conduct in the collection of debts.

45. This deceptive conduct included sending notices which intentionally misrepresented the legal status of the debt and falsely claiming that Plaintiff was in danger of losing his home when the foreclosure action from 2015 had been dismissed, and the new foreclosure action that commenced on June 27, 2019 was brought more than four years after the six-year statute of limitations.

46. This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

47. Plaintiff is entitled to damages and attorney's fees as a result of Defendant's violation of General Business Law § 349.

-8-

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to:

a.   Award actual damages in an amount to be determined at trial;

b.   Award statutory damages as set forth above;

c.   Award reasonable attorney's fees, costs, and disbursements; and

d.   Award such other and further relief as this Court may deem just and proper

Date: July 29, 2019
Kew Gardens, New York

Yours etc.,

SHIRYAK, BOWMAN, ANDERSON, GILL &
KADOCHNIKOV, BOWMAN LLP

_Koder_

Alexander Kadochnikov
Attorneys for Plaintiff
80-02 Kew Gardens Rd., Ste. 600
Kew Gardens, NY 11415
718-332-9600
Counsel for Plaintiff RONALD MORENO