UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X    Case No. 19-cv-7098
ROLAND MORENO,

                         Plaintiff,

      -against-
U.S. BANK, N.A., INDIVIDUALLY BUT
SOLELY AS TRUSTEE FOR BLUEWATER
INVESTMENT TRUST 2017-1; FRIEDMAN
VARTOLO LLP; SELENE FINANCE LP,

          Defendants.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO**

**DISMISS PLAINTIFF'S COMPLAINT**


-2-

# TABLE OF AUTHORITIES

Cases

Alibrandi v. Fin. Outsourcing Servs., 333 F.3d 82 (2d Cir. 2003) ................................................. 9
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).................................................................................. 4
Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C., Case No. 17-CV-3976 (FB) (SJB) (E.D.N.Y. Aug. 7, 2018).................................................................................................. 6
Gold v. Shapiro, Dicaro & Barak, LLC, 18-CV-6787 (PKC) (SJB), at *8 (E.D.N.Y. Sep. 30, 2019) ....................................................................................................................... 10, 12
Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360 (2d Cir. 2005).................................... 4
Id. ............................................................................................................................................. 6, 9
In Goldentree Asset Mgmt., L.P. v. Longaberger Co., 448 F.Supp.2d 589 (S.D.N.Y. 2006) ........ 7
In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 757 F.Supp.2d 260 (S.D.N.Y. 2010).................................................................................... 7
L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011)................................................ 4
Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp, 108 F.3d 17, 22 (2d Cir. 1997) ........................... 5
Phillips v. Citibank, N.A., 252 F.Supp.3d 289 (S.D.N.Y. 2017).................................................... 7
Quinteros v. MBI Assocs., Inc., 999 F. Supp. 2d 434 (E.D.N.Y. 2014)......................................... 5
Rosa v. Gaynor, 784 F. Supp. 1 (D.Conn.1989) ............................................................................ 5
Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) .................................................................... 5
State Farm Mut. Auto. Ins. Co. v. James M. Liguori, 589 F.Supp.2d 221  (E.D.N.Y 2008) ......... 8
Tepper v. Amos Fin., LLC, 898 F.3d 364 (3d Cir. 2018)............................................................. 10
Thomas v. Am. Serv. Fin. Corp., 966 F. Supp. 2d 82 (E.D.N.Y. 2013)......................................... 9
v. Solomon and Solomon, P.C., 591 F.3d 130 (2d Cir. 2010)........................................................ 5
Village of Westfield v. Welch's, 170 F.3d 116 (2nd Cir. 1999) ..................................................... 7
Woodford v. Cmty. Action Agency of Greene Cty., Inc., 239 F.3d 517(2d Cir. 2001) ............. 7, 8

Statutes

15 U.S.C. § 1692a(6) ................................................................................................................... 10
CPLR §213...................................................................................................................................... 8

Plaintiff Roland Moreno ("Moreno" or "Plaintiff") submit this memorandum of law in opposition to Defendants' motion to dismiss Plaintiff Roland Moreno's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff bring this action against U.S. Bank, N.A., Not Individually, But Solely as Trustee for Bluewater Investment Trust 2017-1 ("U.S. Bank") Friedman Vartolo LLP ("Friedman"), Selene Finance LP ("Selene") for violations of the Fair Debt Collection Practices Act ("FDCPA") and General Business Law 349.

The action stems from all the Defendants trying to improperly enforce a mortgage that is past the six-year statute of limitations. Defendants are now bringing a motion to dismiss where this Court must answer this overarching question:

> Colorado River doctrine directs Federal Court to abstain where actions are parallel. Parallel claims require Plaintiff in state and federal action to seek the same relief. Where in this case the relief is different, should this Court abstain from exercising federal jurisdiction?

For reasons provided below the answer is no. Consequently, Defendants violated the FDCPA by trying to enforce the debt that is barred by the statute of limitations.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On or about February 28, 2006, Plaintiff allegedly entered into a mortgage agreement with a non-party MortgageIt, Inc. (Compl. ¶14.) ("Subject Mortgage") The Subject Mortgage was subsequently assigned to BAC Home Loan Servicing, LP on or about August 11, 2009 (Compl. ¶ 16)

On or about September 23, 2009, BAC Home Loans Servicing, LP started a foreclosure action, wherein they declared a default against Moreno. ("2009 Foreclosure Action"). 2009 Foreclosure Action was dismissed on or about October 22, 2015. ("Compl. ¶18) On or around

-4-

February 6, 2018, the Subject Mortgage was assigned to U.S. Bank, N.A. not individually but solely as Trustee for Bluewater Investment Trust 2017-1. ("U.S. Bank.) (Compl. ¶19).

On or about December 5, 2018, Selene Finance LP ("Selene Finance") sent a letters to the Plaintiff which threatened to accelerate and foreclose on the mortgage which by that point was unenforceable. (Compl. ¶¶ 22-24)

On June 24, 2019 Moreno filed a quiet-title action against the U.S. Bank in the Supreme Court of New York, Bronx County, bearing an Index Number 27389/2019 pursuant to Article 15 of the New York Real Property Law. ("Article 15 Action")

On or about June 27, 2019, more than four years after the expiration of the six-year statute of limitations, Defendant Friedman Vartolo LLP ("Friedman") filed a foreclosure action on behalf of U.S. Bank against Moreno. (Compl. ¶ 19) ("2019 Foreclosure")

On or about October 21, 2019, the Defendants filed the instant motion to dismiss.

## LEGAL STANDARD

A. <u>Federal Rule 12(b)(6) Standard.</u>
To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." <u>L-7 Designs, Inc. v. Old Navy, LLC</u>, 647 F.3d 419, 422 (2d Cir. 2011)

B. <u>Least Sophisticated Consumer Standard</u>
To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from the perspective of the 'least sophisticated consumer.'" <u>Greco v.</u>

Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). The "least sophisticated consumer" standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." Clomon, 988 F.2d at 1319; see also Rosa v. Gaynor, 784 F. Supp. 1, 3 (D.Conn.1989) ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer]."). The least sophisticated consumer "is neither irrational nor a dolt." Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." Quinteros v. MBI Assocs., Inc., 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014)

## I.     Motion to Dismiss Based on Colorado River Abstention Should be Denied

  A. The State Action and This Federal Matter Are Not "Parallel" Proceedings Because Different Reliefs are Sought Everywhere.

"Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp, 108 F.3d 17, 22 (2d Cir. 1997).

Plaintiff seeks a completely distinct reliefs in the state and federal proceedings. In state court Article 15 Action, Plaintiff seeks to invalidate the Subject Mortgage – an injunction. In this Court, Plaintiff seeks damages only.

This case is very similar to the facts of Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C., Case No. 17-CV-3976 (FB) (SJB) (E.D.N.Y. Aug. 7, 2018). In Cortes-Goolcharan, plaintiff filed a quite title action in "state court to cancel and discharge the mortgage as time-barred pursuant to "section 1501(4) of the New York Real Property Actions and Proceedings Law" Id. at *3 (E.D.N.Y. Aug. 7, 2018) Subsequently, when the Defendant sent a purported notice of default to the plaintiff that threatened legal action, Plaintiff pursued his remedy in the Eastern District Court of New York. Judge Block found that Colorado River abstention doctrine does not apply:

> This suit and the state-court quiet-title action are not parallel. Fay and Rosicki are not defendants in the quiet-title action, and HSBC and its successor-in-interest are not parties here. The validity of the mortgage is at issue in both cases, but in the context of completely different claims. Cortes-Goolcharran's FDCPA claims are premised on the invalidity of the mortgage, such that an adverse determination in the quiet-title action might, as a practical matter, doom the FDCPA claims. But it is certainly not the case that a determination that the mortgage is time-barred would automatically entitle her to relief under the FDCPA.
>
> Since the two suits are not parallel, *Colarado River* abstention does not apply.
>
> Id. at 10

Just like Fay and Rosicki were not defendants in quite title action in Cortez-Goolcharan, neither Selene Finance nor Friedman Vartolo are the defendants in the Article 15 Action. For above reasons, this Court should deny Defendants' motion to dismiss this case based on Colorado River abstention doctrine.

B.   The Colorado River Factors Weigh in Favor of Federal Jurisdiction

Even in the unlikely event that Defendants can prove that state and federal proceedings are parallel, the motion to dismiss based on Colorado River abstention still should be denied because the Colorado River factors weigh in favor of federal jurisdiction. "After determining that the state and federal proceedings are parallel, the question becomes whether the court should exercise its discretion to abstain." Phillips v. Citibank, N.A., 252 F.Supp.3d 289, 298 (S.D.N.Y. 2017).

> In determining whether Colorado River abstention should be applied,
>
> the court should consider (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

Woodford v. Cmty. Action Agency of Greene Cty., Inc., 239 F.3d 517, 522 (2d Cir. 2001)

The Second Circuit has "held that where the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court." Village of Westfield v. Welch's, 170 F.3d 116, 122 (2nd Cir. 1999)

For the avoidance of piecemeal litigation, only potential different outcomes would not render the removal of the case from federal court. "[T]he mere potential for conflicting outcome between the two actions does not justify abstention under the 'piecemeal litigation' factor." In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 757 F.Supp.2d 260, 345 (S.D.N.Y. 2010). In Goldentree Asset Mgmt., L.P. v. Longaberger Co., 448 F.Supp.2d 589 (S.D.N.Y. 2006), the court found that "the existence of nearly identical claims in two different suits results in needless duplication of proceedings and wasting of judicial resources." Id. at 594.

-8-

However, the claims asserted by Plaintiff in the state court actions are not "nearly identical" when compared to those asserted in the instant action as discussed previously, distinct kinds of reliefs are sought by the Plaintiff. Only alleging potential different outcomes and without proving that "nearly identical" claims are asserted by Plaintiff, the Defendants could not prevail on the argument that Colorado River abstention should be applied for the avoidance of piecemeal litigation.

As far as the source of substantive law, the mere fact that state law governs the various claims in this action is of little concern. The Defendants argues that the state courts routinely handle claims related to CPLR §213(4),but does not and cannot prove that the issues here governed by the state law are novel or particularly complex. "The state law issues before this Court are not particularly complex and defendants have provided no reason why this forum would be an inappropriate place in which to decide them." State Farm Mut. Auto. Ins. Co. v. James M. Liguori, 589 F.Supp.2d 221, 240 (E.D.N.Y 2008). Therefore, the Court should find that this factor weighs in favor of federal jurisdiction.

For protection of the parties' interests, the neutral nature of this factor "weighs against abstention pursuant to Colorado River." Sea Tow Servs. Int'l, Inc., 2007 WL 1135601, at *7; see Woodford, 239 F.3d at 522 ("[T]he facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it."). By simply alleging the state court is an adequate forum to protect the parties' rights, the Defendants does not and cannot explain why the federal court fails to do so. "The last factor appears to be neutral. There is no reason to think that the state court would not adequately protect [the] plaintiff's rights, but that in itself is not sufficient reason to abstain." State Farm Mut. Auto. Ins. Co., 589 F.Supp.2d at 240

Even if state court has jurisdiction and the Plaintiff filed the state action first, the balance of other important factors as they apply in here heavily weighted in favor of the exercise of federal jurisdiction. In <u>In re Comverse Tech., Inc. Derivative Litig.</u>, where the court found that the avoidance of piecemeal litigation in Colorado River factor weighed in favor of abstention, the court decided "That is not enough, however, to warrant abstention in light of the fact that all other factors weigh heavily in favor of the retention of jurisdiction." <u>In re Comverse Tech., Inc. Derivative Litig.</u>, No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709, at *6 (E.D.N.Y. Nov. 2, 2006).

Therefore, the Court should deny Defendants' motion to the extent that it requests the dismissal of this action.

## II. U.S. Bank is a Debt Collector Under FDCPA and Therefore Not Exempt From Liability.

"District courts in the Second Circuit have interpreted section 1692a(6) to exclude from the definition of an FDCPA debt collector the originating creditors, as well as their assignees and loan servicers who obtain a debt **prior to default**." (emphasis added) <u>ValleCastro v. Tobin, Melien & Marohn</u>, 2015 U.S. Dist. LEXIS 145661, at *11 (D. Conn. Oct. 27, 2015); <u>Thomas v. Am. Serv. Fin. Corp.</u>, 966 F. Supp. 2d 82 (E.D.N.Y. 2013).

"When a servicer or assignee acquires the debt after it has gone into default, however, the exemption does not apply because, under the FDCPA, "the classification of debt collector depends upon the status of a debt, rather than the type of collection activities used." <u>Id.</u> <u>Alibrandi v. Fin. Outsourcing Servs.</u>, 333 F.3d 82, 86 (2d Cir. 2003)

A. <u>U.S. Bank is a Debt Collector Because it Uses Instrumentality of Interstate Commerce or Mails in Any Business the Principal Purpose of Which is the Collection of Any Debts.</u>

-10-

FDCPA contains two definitions of a debt collector:

(1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

(2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6)

In Henson v. Santander Consumer USA Inc., the Supreme Court held that an entity that purchases defaulted debts and then collect on those debts is not a debt collector pursuant to the "due another" definition of a debt collector. 137 S. Ct. 1718, 1720-21 (2017) Clearly, U.S. Bank would not fall under this particular definition of a debt collector.

The Supreme Court however explicitly declined to address whether such an entity would be a debt collector based on the FDCPA's first definition of a debt collector, i.e., anyone who engages "in any business the principal purpose of which is the collection of any debts." Id. (quoting 15 U.S.C. § 1692a(6))" Gold v. Shapiro, Dicaro & Barak, LLC, 18-CV-6787 (PKC) (SJB), at *8 (E.D.N.Y. Sep. 30, 2019)

After Henson, the Third Circuit held that a "debt purchaser" who meets the "principal purpose" definition of FDCPA may be liable under FDCPA. Tepper v. Amos Fin., LLC, 898 F.3d 364, 370-71 (3d Cir. 2018); Bradley v. Selip & Stylianou, LLP, 2018 U.S. Dist. LEXIS 176768 (W.D.N.Y. October 15, 2018). In Bradley the Court held that companies whose principal purpose is debt collection are debt collectors under the FDCPA even if they own the debts they collect, making them creditors as well. Id. at 5-6.

It can be easily inferred from Plaintiff's Complaint that U.S. Bank obtained the Subject Mortgage after Plaintiff allegedly defaulted on it. (Compl. ¶¶ 18-19) In fact, there is no doubt

-11-

that the Defendants acquired Plaintiff's debt only after default. Otherwise the Defendants could not accelerate and initiate foreclosure proceedings.

In its motion to dismiss, U.S. Bank asserts, without offering a shred of evidence that U.S. Bank is not regulated under the FDCPA because it is a creditor rather than a debt collector.

FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts" 15 U.S.C. 1692a (6).

In its Complaint, Plaintiff alleged that Defendant U.S. Bank is "debt collector" because on information and belief it acquired Plaintiff's debt after it allegedly went into default. (Compl. ₱10.)

Each Defendant is a "debt collector" under 15 U.S.C. 1692(a) because Defendants' regularly use the mail, telephone, and /or other instrumentality or interstate commerce to attempt to collect, directly or indirectly, defaulted consume debt that it did not originate.

Since Selene Finance and U.S. Bank control Friedman Vartolo's collection activities, the Plaintiff also properly alleges the existence of principal-agent relationship between Selene Finance, Friedman Vartolo and U.S. Bank that could make each of them vicariously liable for each other's conduct. See Mullery v. JTM Capital Mgmt., LLC, No. 18-CV-549V(Sr), 2018 U.S. Dist. LEXIS 204457 (W.D.N.Y. Nov. 30, 2018)

### III. Plaintiff's GBL 349 Claim is Properly Asserted Because Defendants' Action Has a Broader Impact on the Public at Large

Selene Finance claim that Plaintiff fails to allege that actions giving rise to their liability are "consumer-oriented."

In support of its motion to dismiss the GBL 349 portion of the complaint, the Defendants alleges that the Defendants' action is not "consumer-oriented" because it does not have a broader impact on consumers at large.

Numerous courts in the Southern District of New York have held "that the persistent filing of fraudulent debt collection lawsuits against New York consumers does fall within the scope of Section 349." <u>Agheepour v. N. Leasing Systems, Inc.</u>, 14 Civ. 5449 (NSR), 2015 WL 7758894, at *15 (S.D.N.Y. Dec. 1, 2015)

"If this alleged conduct is typical of their debt collection business practices, the defendants' actions may well have a broader impact on the public at large." <u>McCrobie v. Palisades Acquisition XVI, LLC.</u>, 359 F.Supp.3d 239, 255 (W.D.N.Y 2019).

"Section 349 on its 'face applies to virtually all economic activity, and its application has been correspondingly broad." <u>Gold</u> at 17. In fact, in <u>Gold</u>, the situation was nearly identical to the one alleged here.

Here, the Selene Finance sent notices which intentionally misrepresented the legal status of the debt and falsely claiming that Plaintiff was in danger of losing his home. Selene Finance threaned to take legal action on a debt they know is time-barred does have a broader impact on the public at large according to the aforementioned rulings from federal courts.

## CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a) deny the Defendants' motion to dismiss in its entirety; and

b) In the event that this Court finds that Plaintiffs complaint fails to state a claim upon which relief can be granted, to allow it to submit an amended complaint.

c) such further relief this court deems just and proper.

Dated: November 22, 2019
Kew Gardens, New York

        Yours, etc.,
**Shiryak, Bowman, Anderson, Gill & Kadochinkov, LLP**

/**s**/ Kadochnikov

By: Alexander Kadochnikov, Esq.
80-02 Kew Gardens Road, Suite 600
Kew Gardens, New York 11415
(718) 263-6800