# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLAND MORENO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2017-1; FRIEDMAN VARTOLO LLP; SELENE FINANCE LP,<br><br>　　　　　　Defendants. | Case No.:  19-cv-7098 |

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Knuckles, Komosinski & Manfro, LLP
50 Tice Boulevard, Suite 183
Woodcliff Lake, New Jersey 07677
(201) 391-0370

John E. Brigandi, Esq.
On the Brief

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………..…………………………………………………..……ii

LEGAL ARGUMENT……………………………………………………………………….....1

    A.  The 2009 Foreclosure Action, the 2019 Foreclosure Action, and the Article 15 Action
        are Parallel Proceedings to the Instant Action…………………….………..……….......1

    B.  U.S. Bank is Not a Debt Collector Under the FDCPA………………..…………..…….3

    C.  Plaintiff's GBL §349 Cause of Action Fails as a Matter of Law………………….…….4

CONCLUSION……………………………………………………………………………….....5

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

Abe v. New York Univ., 2016 WL 1275661, at * 6 (S.D.N.Y. Mar. 30, 2016)………………......2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)……………………………………………….………4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)…………………………………….………4

Bradley v. Selip & Stylianou, LLP.,

2018 U.S. Dist. LEXIS 176768, 2018 WL 4958964 (W.D.N.Y. Oct. 15, 2018)…...…………….3

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)………………...1

Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C.,

17-CV-3976, 2018 U.S. Dist LEXIS 13524; 2018 WL 3748154 (Aug. 7, 2018)…………......1, 2

Federal Rules of Civil Procedure 12(b)(1)………………………………………………….....1

Federal Rules of Civil Procedure 12(b)(6)……………………………………………...…..1

Maguire v. Citicorp Retail Servs., 147 F.3d 232, 235 (2d Cir. 1998)…………………...…3

Shields v. Murdoch, 891 F. Supp.2d 567, 577, (S.D.N.Y. 2012)………………………………1

Silvester v. Selene Fin. LP, 2019 WL 1316475 (S.D.N.Y. Mar 21, 2019)…………..………4

Sitgraves v. Fed. Home Loan Mortg. Corp., 265 F.Supp.3d 411 (S.D.N.Y. 2017)…………….1

Vincent v. Money Store, 736 F.3d 88, 97 (2d Cir. 2013)……………………………………3

Defendants U.S. Bank, N.A. a Trustee for Bluewater Investment Trust 2017-1 ("U.S. Bank") and Selene Finance, LP. ("Selene") (collectively "Defendants") submit the instant reply brief in further support of their motion to dismiss Plaintiff Roland Moreno's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.      LEGAL ARGUMENT

### A.      The 2009 Foreclosure Action, the 2019 Foreclosure Action, and the Article 15 Action are Parallel Proceedings to the Instant Action

Defendants are respectfully requesting the Court abstain from adjudicating this matter in deference to the three pending actions in state court, pursuant to the *Colorado Abstention* doctrine. See generally Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Plaintiff contends that abstention is not warranted as the 2009 Foreclosure Action, the 2019 Foreclosure Action, and the Article 15 Action, are not parallel to the instant proceeding. In doing so, Plaintiff relies upon one unpublished decision from the Eastern District, the facts of which are quite different than the present matter. See Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C., 17-CV-3976, 2018 U.S. Dist LEXIS 13524; 2018 WL 3748154 (E.D.N.Y. Aug. 7, 2018). Quite tellingly, Plaintiff completely ignores the published decision from this District in Sitgraves v. Fed. Home Loan Mortg. Corp., 265 F.Supp.3d 411 (S.D.N.Y. 2017), discussed at length in Defendants' moving papers, the procedural posture of which was virtually identical to the present matter.

Plaintiff relies heavily on Cortes-Goolcharran for his contention that this proceeding and the state court actions are not parallel as neither Selene, nor co-defendant Friedman Vartolo, are parties to the state court proceedings. However, the case law on this issue is clear that perfect symmetry of parties and issues is not required. See Shields v. Murdoch, 891 F. Supp.2d 567, 577,

(S.D.N.Y. 2012).  Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.  Abe v. New York Univ., 2016 WL 1275661, at * 6 (S.D.N.Y. Mar. 30, 2016). Such is the case here as the parties are actively litigating the same exact statute of limitation issue in the state court proceedings.  Indeed, Plaintiff is the party that affirmatively raised this very issue in the Article 15 Action he is prosecuting in state court, and in his motion to dismiss U.S. Bank's appeal in the 2009 Foreclosure Action[1]. (Exh.'s C, D, E & F) Significantly, Plaintiff does not dispute this, nor address it in opposition.  Further, Judge Gonzalez denied Plaintiff's motion to dismiss the 2019 Foreclosure Action in deference to the First Department's jurisdiction in U.S. Bank's appeal of the 2009 Foreclosure Action. (Exh. H)

Plaintiff's reliance on Cortes-Goolcharran is misplaced as the facts are inapposite to the present matter.  In Cortes-Goolcharran, the borrower plaintiff filed an Article 15 Action in state court against the creditor, prior to asserting claims solely against the mortgage servicer and its counsel in District Court under the FDCPA for sending letters threatening to foreclose upon a time barred debt.  Cortes-Goolcharran 2018 LEXIS 13524, at *1-3. There were no active foreclosures, nor any pending motions concerning the enforceability of the mortgage. See Id.  In contrast, Plaintiff herein has filed two separate motions in the state court seeking to dismiss U.S. Bank's appeal in the 2009 Foreclosure Action and U.S. Bank's 2019 Foreclosure Action based upon the statute of limitations issue. Both motions have been denied.  Additionally, the claims herein against Defendants are for actions taken by them in the state court proceedings in attempting to collect an allegedly time-barred debt.  Plaintiff was well within his rights to address these claims in the state court proceedings, yet has curiously chosen this Court to adjudicate the

---

[1] Plaintiff's motion to dismiss U.S. Bank's appeal in the 2009 Foreclosure Action was recently denied on October 10, 2019.  As this decision is unpublished, Defendants were unaware of the denial at the time they filed the instant motion.  A copy of the decision is attached to the Supplemental Declaration of John. E. Brigandi, Esq. as **Exhibit A**.

issue simultaneously. Such is improper, and this Court should decline to assert jurisdiction over the instant dispute.

**B.**     **U.S. Bank is Not a Debt Collector Under the FDCPA**

The Second Circuit has provided clear guidance that a creditor is not subject to the FDCPA's provisions in <u>Vincent v. Money Store</u>, 736 F.3d 88, 97 (2d Cir. 2013), whereby it specifically provided that as a "general rule [] creditors are not subject to the FDCPA." <u>See</u> <u>also</u> <u>Maguire v. Citicorp Retail Servs.</u>, 147 F.3d 232, 235 (2d Cir. 1998). No matter how the facts are spun here, U.S. Bank is a creditor as it is the holder and owner of the Note and Mortgage with authority to enforce the mortgage loan. Plaintiff is attempting to circumvent this rule, by stretching the exception under §1692(a)(6) to swallow the rule, and contemplate liability for all creditors regardless of the actions they take to collect a debt.

The facts in the case cited by Plaintiff, <u>Bradley v. Selip & Stylianou, LLP.</u>, 2018 U.S. Dist. LEXIS 176768, 2018 WL 4958964 (W.D.N.Y. Oct. 15, 2018) in support of this contention, are wildly different than the present matter. In <u>Bradley</u>, plaintiff alleged that defendants who purchased his credit card debt violated the FDCPA when attempting to garnish his wages. <u>Id</u>. Unlike the present matter, plaintiff in <u>Bradley</u> alleged that "the principal business purpose of [defendants] is the collection of debts; that more than half of their respective revenues is derived from debt collection; that they oversee and control [the law firm's] collection activities, including [its] use of form collection letters; and that, in Plaintiff's case, [defendant] filed a lawsuit against Plaintiff to collect on the debt." <u>Id</u>. at *16. Such is not the case here as Plaintiff's Complaint relies upon formulaic legal conclusions for his contention that U.S. Bank is a debt collector, without any supporting facts. (Complaint ¶¶ 9-11) Moreover, defendants in <u>Bradley</u> were actively engaged in debt collection activities including filing a collection lawsuit, and subsequently

3

garnishing plaintiff's wages.   That is not what is alleged here. U.S. Bank is not seeking a deficiency balance in the foreclosure proceedings, nor is there any risk that Plaintiff's wages will be garnished as a result of a judgment of foreclosure and sale[2].

Likewise, Plaintiff's Complaint is devoid of any facts supporting a claim that U.S. Bank should be liable for actions taken by Friedman Vartolo under a principal-agency relationship. Plaintiff simply relies upon bare-bones allegations for this contention. (Complaint ¶¶ 11-13)  This may not form the basis for a FDCPA claim as a matter of law. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) ("a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do").

C.     **Plaintiff's GBL §349 Cause of Action Fails as a Matter of Law**

The second cause of action set forth in Plaintiff's Complaint under GBL §349 similarly lacks any supporting facts to support a claim as a matter of law.  See generally Ashcroft, 556 U.S. at 67; Twombly 550 U.S. at 545. Specifically, Plaintiff's Compalint is devoid of any specific facts that could even raise an inference that the actions taken by Defendants "have a broader impact on consumers at large" as required under the statute.  Silvester v. Selene Fin. LP, 2019 WL 1316475 (S.D.N.Y. Mar 21, 2019).   In fact, the Complaint exclusively alleges that Defendants violated GBL §349 by taking actions against Plaintiff. (Plaintiff's Complaint ¶¶ 43-45)  Plaintiff may not simply correct this now by vaguely alleging in his brief that Defendants filed fraudulent debt

---

[2] Ironically in Bradley, plaintiff's cause of action that defendants violated the FDCPA by proceeding with a wage garnishment was dismissed under the *Rooker Feldman* doctrine as the Court determined abstention was warranted as the claim was inextricably intertwined with the state court litigation. Id. at 17-19. While Defendants herein are not relying upon the *Rooker Feldman* doctrine as no judgment was entered in the 2009 or 2019 Foreclosure Actions, the principles of abstention are analogous to the *Colorado River* abstention doctrine explained above.

4

collection lawsuits against New York consumers, nor that Defendants' conduct is typical of their business practices. See infra p. 13.  Plaintiff's GBL §349 claim fails accordingly.

## **CONCLUSION**

For the foregoing reasons, Defendants U.S. Bank, N.A. a Trustee for Bluewater Investment Trust 2017-1 and Selene Finance, LP. respectfully request that their Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.Pro. 12(b)(1) and (6) is granted, thereby dismissing Plaintiff's Complaint, with prejudice.


DATED:  December 4, 2019

Knuckles, Komosinski & Manfro, LLP.

By: s/  John E. Brigandi
    JOHN E. BRIGANDI

50 Tice Boulevard, Suite 183
Woodcliff Lake, New Jersey 07677
(201) 391-0532
jeb@kkmllp.com