UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ROLAND MORENO f/k/a RUBEN JASON MORENO, Plaintiff(s), U.S. BANK, N.A. NOT INDIVIDUALLY BUT SOLELEY AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2017-1; FRIEDMAN VARTOLO, LLP, SELENE FIFNANCE, LP, Defendants. | Civil Action No. 1:19-cv-07098-JGK<br><br>ECF Document |
|---|---|

**DEFENDANT FRIEDMAN VARTOLO, LLP'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT.**

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
One Riverfront Plaza
Suite 800
Newark, New Jersey 07102
Attorneys for Defendant, Friedman Vartolo, LLP

**MEREDITH K. STOMA, ESQ.**
    Of Counsel

**JEFFREY S. LEONARD, ESQ.**
    On the Brief

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

LEGAL ARGUMENT

    PLAINTIFF'S COLORADO RIVER ANALYSIS IS INCORRECT....................................1

    A. The State Curt Actions and this Matter are Parallel ..................................................1

    B. The Colorado River Factors Weight in Favor of Abstention.....................................2

        1. Assumption of Jurisdiction over Res ...................................................................2

        2. Convenience of the Parties....................................................................................3

        3. Avoidance of Piecemeal Litigation.......................................................................3

        4. The Order in Which Jurisdiction was Obtained....................................................3

        5. Applicable Law......................................................................................................3

        6. Adequacy of State Procedures ..............................................................................4

## CONCLUSION    5

# TABLE OF AUTHORITIES

**Cases**

Abe v. New York Univ,
  2016 U.S. Dist. LEXIS 43611 (S.D.N.Y. Mar. 30, 2016) ............................ 6

Arkwright-Boston Mfrs. Mutual Insurance Co. v. City of New York,
  762 F.2d 205 (2nd Cir. 1985) ............................................................ 5

Cortes-Goolcharran v. Rosicki, Rosicki & Associates, P.C.,
  2018 U.S. Dist. LEXIS 132524 (E.D.N.Y. Aug. 7, 2018) ............................ 4

Garcia v. Tamir,
  1999 WL 587902 (S.D.N.Y. Aug. 4, 1999) ............................................ 6

Muong v. Federal National Mortg. Association,
  2013 U.S. Dist. LEXIS 176424 (E.D.N.Y. Dec. 16, 2013) ............................ 5

Paul v. Raytex Fabrics, Inc.,
  318 F.Supp.2d 197 (S.D.N.Y. 2004) .................................................... 6

United States v. Blake,
  942 F.Supp.2d 285 (E.D.N.Y. 2013) .................................................... 3

Woodford v. Comty. Action Agency,
  239 F.3d 517 (2nd Cir. 2001) ............................................................ 5

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(1) .................................................................... 7

Defendant Friedman Vartolo, LLP ("Friedman Vartolo"), through its attorneys, respectfully submits its Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff Roland Moreno's ("Plaintiff") Complaint.

## PRELIMINARY STATEMENT

Plaintiff argues in his opposition brief that the Court should not abstain from hearing this matter because all of the parties to this matter are not also parties in the State Court actions and that the issues involved in the cases differ. However, as is discussed below, Plaintiff's Colorado River analysis is faulty. While all the parties to the Federal and State actions are not the same that is not a requirement for abstention. Further, contrary to Plaintiff's claim the issue involved in the Federal and State actions is the same and the Colorado River factors weigh heavily in favor of abstention.

## LEGAL ARGUMENT

## PLAINTIFF'S COLORADO RIVER ANALYSIS IS INCORRECT

### A. The State Court Actions and this Matter are Parallel

This Court should abstain from hearing Plaintiff's Complaint due to the currently pending appeal of the 2009 Foreclosure Action, the 2015 Foreclosure Action and the Article 15 action. Plaintiff argues against abstention asserting the parties to his Article 15 action and this matter are not identical and the two actions are not "parallel" because he asserts the relief he seeks in the two actions are "completely distinct". While Friedman Vartolo and Selene Finance may not be parties in the State court actions that factor alone is an insufficient reason for this Court to not abstain. The law is clear that the parties to the differing actions do not need to be identical. As the court in United States v. Blake, 942 F.Supp.2d 285, 297 (E.D.N.Y. 2013) held "[p]erfect symmetry of parties" is not required.

1

In terms of the issues involved in the cases, as was discussed in Friedman Vartolo's initial brief in support of its motion to dismiss, in the State Court actions the courts are being asked to determine the validity of the mortgage on the subject property. In this matter, Plaintiff's FDCPA claim is predicated upon and dependent upon this Court initially addressing and resolving the issue of whether the mortgage on Plaintiff's property is valid. This is the very issue which the State courts are addressing.

In support of his argument the Article 15 action and this matter are not parallel, Plaintiff cites to Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C., 2018 U.S. Dist. LEXIS 132524 (E.D.N.Y. Aug. 7, 2018). However, Cortes-Goolcharran is an unpublished opinion and lacks any precedential value. Moreover, while the court in Cortes-Goolcharran found that the validity of a mortgage was at issue in both cases it was in regard to different claims, the reasoning offered by the court appears to simply be incorrect. The issue of the validity of the mortgage on Plaintiff's property is the same for the State court actions and this matter. This Court and the State Courts are both being asked to determine the same issue: the validity of the mortgage. This determination will in turn decide whether Defendants violated the FDCPA by pursuing the 2019 Foreclosure Action.

Based upon the foregoing and the arguments raised in Friedman Vartolo's initial brief it is clear this matter and the State Court actions are parallel.

**B.    The Colorado River Factors Weigh in Favor of Abstention**

**1.    Assumption of Jurisdiction over Res**

Plaintiff does not address this factor in his opposition brief. Here, the State courts have jurisdiction over the res, i.e. Plaintiff's property. As such this factor must be found to favor abstention.

2

## 2. Convenience of the Parties

As the parties have pointed out, the Federal Court and State Courts are equally convenient. This factor being neutral weighs in favor of the retention of federal jurisdiction.

## 3. Avoidance of Piecemeal Litigation

In relation to the dangers of piecemeal litigation, Plaintiff does not address this issue except to state that since the actions involve different issues this factor weighs in favor of retaining jurisdiction. As discussed supra., the actions involve the same issue which means the potential for inconsistent rulings exists. This Court could find the mortgage on Plaintiff's property to be invalid while the State Courts find the mortgage valid or vice versa. Avoiding inconsistent determination is a "paramount consideration". See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y., 762 F.2d 205, 211 (2nd Cir. 1985); Woodford v. Comty. Action Agency, 239 F.3d 517, 524 (2nd Cir. 2001). Based upon the real danger of inconsistent rulings, this factor must be found to weigh in favor of abstention.

## 4. The Order in Which Jurisdiction was Obtained

Plaintiff's Article 15 action was filed on June 24, 2019. U.S. Bank's 2019 Foreclosure Action was filed on June 27, 2019. In both actions dispositive motions were filed by the parties. The present matter was not filed until July 31, 2019. While this matter was filed shortly after the State Court actions, this factor still weighs in favor of abstention.

## 5. Applicable Law

The current matter involves one State law claim and one Federal claim. However, Plaintiff's Federal claim under the FDCPA is dependent upon a determination of the validity of the mortgage on Plaintiff's property and whether U.S. Bank can foreclose upon it. "[I]t is well settled that judgments of foreclosure…are fundamentally matters of state law." Muong v. Fed. Nat'l Mortg.

3

Ass'n, 2013 U.S. Dist. LEXIS 176424 (E.D.N.Y. Dec. 16, 2013). Based upon both cases being dependent upon State law, this factor should be found to favor abstention.

6. **Adequacy of State Procedures**

Plaintiff argues that the Defendants have failed to explain "why the federal court fails to do so" in terms of protecting the parties rights. Yet, that is not the question asked under Colorado River. The sixth factor of the abstention test is "whether the state procedures are adequate to protect the plaintiff's federal rights." This Court has found in a number of cases that the presence of a federal law claim in a federal action that is otherwise parallel to a pending state court action is not by itself dispositive of the abstention analysis. See Abe v. N.Y. Univ, 2016 U.S. Dist. LEXIS 43611, *8-9 (S.D.N.Y. Mar. 30, 2016) (dismissing ERISA claim pursuant to Colorado River); Paul v. Raytex Fabrics, Inc., 318 F.Supp.2d 197, 198 (S.D.N.Y. 2004)(dismissing ADEA claim pursuant to Colorado River); Garcia v. Tamir, 1999 WL 587902, * 7-8 (S.D.N.Y. Aug. 4, 1999)(dismissing FLSA claim pursuant to Colorado River). As the State Court is more than adequate to protect Plaintiff's federal rights, this factor should be found to weigh in favor of abstention.

Based upon the application of the Colorado River factors, this Court should exercise its discretion and dismiss this action pursuant to the Colorado River abstention doctrine.

## CONCLUSION

For all of the reasons set forth above and in Friedman Vartolo, LLP's initial Brief it is respectfully requested that the Court abstain from exercising its jurisdiction over this matter and dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

Dated:    Newark, New Jersey
          December 4, 2019

                                          LEWIS BRISBOIS BRISGAARD & SMITH, LLP
                                          Attorneys for Defendant Friedman Vartolo, LLP

                                  By:     /s/ Jeffrey S. Leonard
                                          JEFFREY S. LEONARD, ESQ.